**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-4681**

—————————

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

       v.

CHARLES RAYNARD WRIGHT,

                  Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:08-cr-00125-FDW-1)

—————————

Submitted:  April 28, 2011          Decided:  May 2, 2011

—————————

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Raynard Wright pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced as an armed career criminal to the statutory mandatory minimum term of imprisonment of 180 months. 18 U.S.C. § 924(e) (2006). On appeal, Wright's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in finding that Wright was an armed career criminal. Wright has filed a pro se supplemental brief addressing the same issue and also claiming that he was denied effective assistance of counsel. Finding no error, we affirm.

Under § 924(e), if a defendant violates § 922(g) and has sustained three prior convictions for violent felonies committed on occasions different from one another, the district court must sentence the defendant to a minimum term of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). We have reviewed the record and conclude that the district court did not err in determining that Wright had sustained at least three prior convictions for violent felonies, committed on occasions different from one another and, therefore, was properly sentenced as an armed career criminal.

In his supplemental pro se brief, Wright asserts that his attorney was ineffective for failing to challenge the

2

validity of the indictment. However, unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255). We find that counsel's ineffectiveness is not conclusively apparent on the face of this record and thus decline to consider this claim.

In accordance with Anders, we have thoroughly examined the entire record for any potentially meritorious issues and have found none. Therefore we affirm Wright's conviction and sentence. This court requires that counsel inform Wright, in writing, of his right to petition the Supreme Court of the United States for further review. If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wright. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED